UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY JASON DUDLEY,

*Plaintiff*,

v.

SEED SCHOOL OF WASHINGTON D.C.,

*Defendant*.

Civil Action No. 24-1300 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Jerry Jason Dudley was employed as a teacher at the SEED School of Washington, D.C. (SEED) for a few short months until the school terminated him following a physical altercation with another staff member. Proceeding pro se, he brought this lawsuit against the school to challenge his termination under Title VII of the Civil Rights Act of 1964. The Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Dudley's lawsuit is time barred under Title VII. The Court agrees and grants the motion.

## BACKGROUND

### A.   Factual Background

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Dudley began his tenure at SEED on August 3, 2022. Compl. at 4, ECF No. 1. Just a few months later, he was placed on administrative leave then terminated the next day. *See id.* (placed on administrative leave on November 21, 2022; terminated on November 22, 2022). During his time at SEED, he "was subjected to verbal, emotional, and unprofessional harassment 22 times by a female co-worker and formally reported this to the school administration," including

1

on November 16, 2022. *Id.* Yet SEED "neglected to take any disciplinary action towards the female co-worker." *Id.* SEED "failed to take corrective disciplinary actions to address the treatment to which [he] was subjected in direct violation of their zero policy." *Id.* Instead of taking disciplinary actions against Mr. Dudley's co-worker, SEED fired him. *Id.*

Mr. Dudley then filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination under Title VII. *Id.* at 6. On January 30, 2024, the EEOC notified him that it did not intend to proceed with the investigation, and it issued a Notice of Right to Sue informing him that any lawsuit against SEED must be filed within ninety days of receipt of the notice. *See id.* at 5; Ex. 1 at 1.

### B. Procedural Background

On April 30, 2024, Mr. Dudley filed this lawsuit alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* Compl. at 2–4. On January 24, 2025, the Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot., ECF No. 8. The motion is fully briefed and ripe for review. *See* Pl.'s Opp'n, ECF No. 10.

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint has properly stated a claim upon which relief may be granted." *Kursar v. Transp. Sec. Admin.*, 751 F. Supp. 2d 154, 163 (D.D.C. 2010). "In evaluating a motion under Rule 12(b)(6), the court must 'treat the complaint's factual allegations as true . . . and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Donelson v. U.S. Bureau of Prisons*, 82 F. Supp. 3d 367, 370 (D.D.C. 2015) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up)). But the court need not accept a plaintiff's "legal conclusions cast in the form of factual allegations." *Browning v. Clinton*, 292 F.3d 235, 242

(D.C. Cir. 2002) (cleaned up). "[T]he court 'may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which . . . judicial notice' may be taken." *Donelson*, 82 F. Supp. 3d at 371 (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)); *see also Kruger v. Cogent Commc'ns, Inc.*, 174 F. Supp. 3d 75, 85 (D.D.C. 2016) (considering the plaintiff's EEO documents incorporated by reference).

"The pro se nature of a complaint places a further gloss on the standard of review." *Shanks v. Int'l Union of Bricklayers & Allied Craftworkers*, 134 F.4th 585, 591 (D.C. Cir. 2025). A pro se plaintiff's submissions must "'be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted)). And courts must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Johnson v. Dist. of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (cleaned up). But a pro se plaintiff is not excused from complying with procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

## DISCUSSION

The Defendant argues that Mr. Dudley's Complaint is untimely because it was not filed within ninety days of receiving notice of his right to sue from the EEOC. Def.'s Mot. at 2–3. The Court agrees. And the doctrines of equitable tolling and equitable estoppel do not save Mr. Dudley. The Court therefore grants the Defendant's motion and dismisses the case.

### A.     Statute of Limitations

"It has long been established . . . that a statute of limitations defense that is clear on the face of the complaint is properly brought under Rule 12(b)(6)." *Byrne v. Clinton*, 410 F. Supp. 3d 109, 121 (D.D.C. 2019). Under Title VII, a claimant must file a complaint "within ninety days" after receiving notice of the EEOC's final decision, and if adverse to the claimant, that notice is commonly presented as a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); *see* 29 CFR 1601.28(b)(2)(3)(i). "Courts apply this limit strictly and will dismiss a suit for missing the deadline by even one day." *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) (cleaned up); *see also, e.g.*, *Smith v. Dalton*, 971 F. Supp. 1, 2–3 (D.D.C. 1997) (dismissing Title VII lawsuit filed ninety-one days after notice of the final decision); *McAlister v. Potter*, 733 F. Supp. 2d 134, 142–43 (D.D.C. 2010) (dismissing Title VII claims filed ninety-two days after notice of the final decision).

A Title VII plaintiff's failure to meet the ninety-day deadline "is an affirmative defense" and "the burden of proof is on the party claiming the deadline was missed." *Woodruff*, 482 F.3d at 525 (cleaned up). "This period begins the day after the letter is received[] and expires on the 90th day thereafter." *Gill v. Dist. of Columbia*, 872 F. Supp. 2d 30, 35 (D.D.C. 2012). When "computing the ninety-day period within which the suit must be filed, the court begins counting the day after the right-to-sue letter was received." *Akridge v. Gallaudet Univ.*, 729 F. Supp. 2d 172, 178 (D.D.C. 2010) (cleaned up); *see also Cooper v. Dist. of Columbia*, 279 F. Supp. 3d 156, 162 (D.D.C. 2017) (same), *appeal dismissed*, No. 17-7160, 2018 WL 4102513 (D.C. Cir. Jul. 25, 2018); *Greer v. Bd. of Trust. of Univ. of Dist. of Columbia*, 113 F. Supp. 3d 297, 306 (D.D.C. 2015) (same); *see also, e.g.*, *Howard v. Pritzker*, 775 F.3d 430, 438–39 (D.C. Cir. 2015) (finding that a plaintiff must "file suit within ninety days *after receiving* a final agency decision") (emphasis added); *Sears, Roebuck & Co. v. EEOC*, 581 F.2d 941, 943 n.1 (D.C. Cir. 1978) (same);

Fed. R. Civ. P. 6(a)(1)(A) (directing courts to "exclude the day of the event that triggers the period" when "computing any time period specified . . . in any statute that does not specify a method of computing time").

Here, Mr. Dudley received the EEOC's right-to-sue-letter on January 30, 2024, *see* Compl. at 5, and he filed his Complaint in this Court on April 30, 2024, *see* Compl. Because he received the notice on January 30, 2024, the clock began to run on January 31, 2024, and ninety days from January 31, 2024, is April 29, 2024. Mr. Dudley thus filed his Complaint one day beyond the statutory deadline, which is fatal. Mr. Dudley maintains that "the complaint was filed within the ninety-day period, hence it was timely filed." Opp'n at 1. He seems to believe that the ninety-day clock ended April 30, 2024, when he filed this lawsuit. But his calculation is incorrect, as he failed to include the start date, January 31, 2024, in his calculation. And his pro se status does not help him. *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995) (noting that a pro se plaintiff is "not . . . immune from the ninety-day requirement"). "No matter how slight the tardiness, a court is not at liberty to disregard the 90–day deadline out of a vague sympathy for any particular plaintiff." *Turner v. Afro–American Newspaper Co.*, 572 F. Supp. 2d 71, 73 (D.D.C. 2008) (dismissing employment discrimination lawsuit filed ninety-one days after notice of the final decision). Mr. Dudley's Complaint is thus untimely.

### B. Equitable Tolling and Equitable Estoppel

Title VII's ninety-day deadline is non-jurisdictional, which means that it is subject to equitable tolling and equitable estoppel. *See Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (citing *Mondy v. Sec. of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)); *see also Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) ("[T]he administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit. Rather, functioning like statutes of

limitations, these time limits are subject to equitable tolling, estoppel, and waiver."); *Smith v. Holder*, 806 F. Supp. 2d 59, 62–63 (D.D.C. 2011) (same). But these doctrines apply "only in extraordinary and carefully circumscribed instances." *Smith-Haynie v. Dist. Of Columbia*, 155 F.3d 575, 579–80 (D.C. Cir. 1998) (cleaned up). Equitable estoppel "'precludes a defendant, because of his own inequitable conduct . . . from invoking [a] statute of limitations,'" and equitable tolling "is based on the plaintiff's inability to obtain 'vital information bearing on the existence of his claim' despite 'all due diligence.'" *Hall v. Dep't of* Commerce, No. 16-cv-1619, 2017 WL 9615889, at *9 (D.D.C. Aug. 22, 2017) (quoting *Chung v. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003)). "Thus, while the appropriateness of estoppel depends on the actions of the defendant, the appropriateness of tolling is determined by the actions of the plaintiff." *Id*.

Here, Mr. Dudley does not expressly invoke either doctrine, but in opposing the Defendant's motion he states that "[m]ediation was offered and the Defendant chose to walk away twice, prolonging the resolution process and justifying any considered delays in filing." *See* Pl.'s Opp'n at 1; *see also* Pl.'s Opp'n, Ex. 1 (EEOC Agreement to Mediate) (Med. Agt.), ECF No. 10-1. Mr. Dudley provides no further information, including dates of the mediation efforts or whether mediation occurred during the ninety-day period after the EEOC issued its right-to-sue letter. *See generally* Compl.; Pl.'s Opp'n. And the mediation agreement attached to Mr. Dudley's Opposition suggests that mediation was proposed during the investigation of Mr. Dudley's EEO charge and thus prior to the EEOC's final decision. *See* Med Agt.; *see also* 29 CFR § 1601.20(a) (Negotiated Settlement) ("*Prior to the issuance of a determination* . . . the Commission may encourage the parties to settle the charge on terms that are mutually agreeable." (emphasis added)); 29 CFR §§ 1601.18 (Dismissal Procedure and Authority), 1601.28(b)(2)(3)(i)

6

(Notice Of Right To Sue). Thus, any mediation efforts seem to have had no bearing on Mr. Dudley's late filing.

But even assuming the referenced mediation happened during the ninety-day filing window, it is not sufficient on its own to trigger equitable tolling or equitable estoppel. The equitable tolling doctrine tolls deadlines when a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (same). The "extraordinary-circumstances prong" encompasses only "matters outside [the litigant's] control," *Menominee Indian Tribe v. United States*, 577 U.S. 250, 256–57 (2016), not circumstances that are "a product of that litigant's own misunderstanding of the law or tactical mistakes in litigation," *Head v. Wilson*, 792 F.3d 102, 107 (D.C. Cir. 2015) (cleaned up). And equitable tolling should be extended "only sparingly," as a "garden variety claim of excusable neglect" does not warrant equitable tolling. *Irwin v. Dep't of Vet. Aff's*, 498 U.S. 89, 96 (1990); *Oviedo v. WMATA*, 948 F.3d 386, 394 (D.C. Cir. 2020) (same), *cert. denied*, 141 S.Ct. 347 (2020).

Equitable estoppel requires "active steps" that the defendant took to prevent the plaintiff from timely filing his complaint. *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1998); *see also Smith-Haynie*, 155 F.3d at 579. Put differently, a plaintiff must point to some type of "affirmative misconduct" or misleading information regarding the filing deadline on the part of the defendant. *Washington v. WMATA*, 160 F.3d 750, 752–53 (D.C. Cir. 1998), *cert. denied*, 527 U.S. 1038 (1999).

Mr. Dudley cannot establish either equitable tolling or equitable estoppel. Mediation discussions do not constitute "extraordinary circumstances" to toll the ninety-day deadline, *Pace*, 544 U.S. at 418, and Mr. Dudley has not alleged that the Defendant took "active steps" to prevent

7

him from filing suit or other misconduct to invoke equitable estoppel, *Currier*, 159 F.3d at 1367; *see also Cristwell v. Veneman*, 224 F. Supp. 2d 54, 59–60 (D.D.C. 2002) (finding no equitable estoppel or equitable tolling where the plaintiff "simply allege[d] that he was involved in mediation and negotiations with" his employer "and merely assert[ed] in conclusory terms that he discovered that" his employer engaged in bad faith and "us[ed] the negotiations as a means to delay his claims") (internal quotation marks omitted); *id.* at 61 ("To excuse filing obligations on equitable grounds solely because parties were engaged in settlement discussions would virtually eviscerate filing time requirements and throw the orderly and expeditious processing of Title VII cases into even further disarray. Something more than mere participation in settlement negotiations must be demonstrated."); *Adams v. Dist. of Columbia*, 740 F. Supp. 2d 173, 190 (D.D.C. 2010) (finding that the plaintiff's untimely filing could not be "equitably excused because the defendant appeared to act in bad faith during mediation" because such behavior did not constitute an "active step" preventing the plaintiff from filing suit), *aff'd in relevant part*, 618 Fed. Appx. 1 (D.C. Cir. 2015) (per curiam), *cert. denied*, 578 U.S. 924 (2016).

Mr. Dudley's claim that the Defendant "walked away twice" from mediation, *see* Opp'n at 1, is a far cry from alleging that it took "active steps" to prevent him from filing this lawsuit, *see Currier*, 159 F.3d at 1367. To conclude otherwise would permit Mr. Dudley to evade the statutory filing deadline simply because settlement attempts failed, which is not the law. *See Cristwell*, 224 F. Supp. 2d at 61; *see also Washington*, 160 F.3d at 752–53 (the defendant's actions "tout[ing]" informal alternative dispute resolution and "lulling" the plaintiff into delayed filing was not affirmative misconduct or extraordinary circumstance to trigger equitable tolling or equitable estoppel); *Wash. Tennis & Educ. Found. v. Clark Nexsen, Inc.*, 324 F. Supp. 3d 128, 133,

138 (D.D.C. 2018) (finding that the plaintiff's mediation demand did not constitute equitable tolling where the plaintiff waited to file suit until after mediation attempts proved unsuccessful).

Because equitable tolling and equitable estoppel do not excuse Mr. Dudley's untimely filing, the Court must grant the Defendant's motion and dismiss this case.

## CONCLUSION

For these reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 8. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   July 25, 2025